**Edward Dwayne SMITH and Roberto Gracia, Plaintiffs,**

v.

**Michael J. ASHE, et al., Defendants.**

**Civ. A. No. 84–0140–F.**

United States District Court, D. Massachusetts.

Feb. 20, 1985.

Arthur D. Serota, David P. Hoose, Howard S. Sasson, Springfield, Mass., for plaintiffs.

Savino J. Basile, Springfield, Mass., for defendants O'Connor, Tremble and Collamore.

Matthew J. Ryan, Jr., Dist. Atty., Springfield, Mass., for defendant Hampden County.

Edward J. McDonough, Jr., Egan, Flanagan and Egan, Springfield, Mass., for defendants Ashe, Champaign, Aberdale and Doe.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

This matter is before me on defendants' objections to the Report and Recommendation of a magistrate regarding plaintiffs' motion for class certification. Having reviewed *de novo* those portions of the Magistrate's Recommendation to which defendants have objected, 28 U.S.C. § 636(b)(1), I have concluded that the Magistrate's recommendation to grant plaintiffs' motion for class certification must be accepted.

Plaintiffs Smith and Gracia have brought this lawsuit to challenge the conditions in the segregation area of the Hampden County House of Correction ("Jail"), the medical services available to segregated prisoners and the procedures used by defendants in determining when to segregate a prisoner. Plaintiffs have moved for certification of a class consisting of all present and future prisoners incarcerated at the Jail, including present and future inmates and present and future pretrial detainees.

The defendants' attack on the Magistrate's recommendation to allow certification is two-pronged. First, defendants argue that this case is essentially the same case as *Brown v. Ashe*, No. 81–0280–F, which also involves conditions at the Jail and whose maintenance as a class action defendants will not contest. Defendants maintain that plaintiffs have therefore not met their burden under Fed.R.Civ.P. 23(b)(3) of showing that a class action in

this case is "superior to other available methods for the fair and efficient adjudication of the controversy" because plaintiffs can seek any relief they require through the class representative in *Brown*.

There are two replies to defendants' argument. One is that plaintiffs here bear no burden of proving "superior method" under Rule 23(b)(3), because plaintiffs have instead met the requirement of Rule 23(b)(2) by showing that defendants have refused to act on grounds generally applicable to the class. Report and Recommendation at 4. "The superiority requirement is unique to those class actions maintained under Rule 23(b)(3)." *Kamm v. California City Development Co.*, 509 F.2d 205, 211 (9th Cir.1975).

The other answer to defendants' first contention is that the *Brown* case is *not* the same as this case. *Brown* challenges the overall conditions at the Jail, which admittedly would include conditions in the segregation area, but *Brown* does not, like the case at bar, involve a due process claim. The case *sub judice* calls into question the procedures defendants are using to put inmates into the segregation area in the first place. Specifically, plaintiffs claim that defendants are using the label of administrative segregation as a pretext for disciplinary segregation, thereby avoiding the procedural requirements imposed on disciplinary segregation by 103 C.M.R. §§ 943.-03-.05. Since the *Brown* plaintiffs have not challenged defendants' administrative segregation procedures, plaintiffs would not be able to get relief through the *Brown* class representative. However, since the cases do overlap factually, the Court may consider consolidating the cases if and when they come forward for trial.

█ Defendants' second attack on the Magistrate's recommendation is that plaintiffs' claims are not typical of the class they purport to represent and thus the requirement of Fed.R.Civ.P. 23(a)(3) has not been met. Defendants' argument is interesting: defendants maintain that the very nature of administrative segregation, which involves deciding which inmates should be placed there on a case-by-case basis, means that there can be no typicality of claims. Defendants argue that because of defendants' broad discretion in this matter, the Court would be unable to fashion class-wide relief.

Admittedly, defendants have enormous discretion in their decisions regarding a prison's internal security. *Hewitt v. Helms*, 459 U.S. 460, 474, 103 S.Ct. 864, 872, 74 L.Ed.2d 675 (1983). Furthermore, it appears from this Court's preliminary review of the relevant state statutes, regulations and case law that plaintiffs may in fact have no protected liberty interest in being kept out of *administrative* segregation. This is because in order to call on the protection of the Fourteenth Amendment's due process clause, plaintiffs must be able to point to some state-created substantive limitations on defendants' discretion to place prisoners in administrative segregation in county correctional institutions. *Hewitt*, 459 U.S. at 471–72, 103 S.Ct. at 871–72; *Parenti v. Ponte*, 727 F.2d 21, 23 (1st Cir.1984); *Hill v. Superintendent, Massachusetts Correctional Institution, Walpole*, 392 Mass. 198, 466 N.E.2d 818, 821 (1984). It is quite possible that in Massachusetts, such substantive limitations do not exist.

However, it is clear that, whatever discretion may attach to defendants' administrative segregation decisions, defendants do not have discretion to use administrative segregation as a pretext for disciplinary isolation. *Royce v. Commissioner of Correction*, 390 Mass. 425, 456 N.E.2d 1127, 1130 (1983). This, of course, is the plaintiffs' claim and no amount of discretion vested in defendants regarding their decisions to place prisoners in administrative segregation can prevent this Court from fashioning a class-wide order that enjoins defendants from using administrative segregation as a pretext for disciplinary sanctions.

It is up to plaintiffs to prove by a preponderance of the evidence that defendants are acting pretextually. Should it become apparent later in this litigation both that

plaintiffs cannot prove this allegation and that plaintiffs have no federal due process rights in connection with placement in pure administrative segregation, plaintiffs' due process claim would probably drop out of the case. At that point the Court would then consider whether it would not be more appropriate to relegate plaintiffs to seeking relief for the conditions of the Jail's segregation area through the class representative in *Brown*.

In the meantime, however, the Court deems defendants' objections to the Magistrate's Recommendation to be without merit, and accordingly, accepts the Magistrate's recommendation to allow plaintiffs' motion to certify a class consisting of all present and future prisoners incarcerated at the Hampden County Jail and House of Correction, including present and future inmates and present and future pretrial detainees.

It is So Ordered.