WILLIAM McLELLAN *vs.* ACTING SUPERINTENDENT,
MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR
JUNCTION, & others.[1]

No. 89-P-456.

Norfolk. April 5, 1990. - August 13, 1990.

Present: BROWN, DREBEN, & KASS, JJ.

*Imprisonment*, Enforcement of discipline. *Administrative Law*, Prison dis-
    ciplinary proceeding. *Due Process of Law*, Prison disciplinary
    proceeding.

The findings of a Department of Correction disciplinary board were sup-
    ported by substantial evidence, i.e., an adequate accusatory document
    and the adverse inference from the prisoner's silence, and the reason
    stated for the sanction (loss of telephone privileges for two weeks) was
    adequate. [124-128]
Dismissal of proceedings before a Department of Correction disciplinary
    board was not required on account of an unexplained notation on the
    appeal form, after a finding of guilty, indicating that the correction of-
    ficer who had filed the disciplinary report had changed his mind about
    prosecuting the violation. [128-129]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 30, 1988.

The case was heard by *Andrew G. Meyer*, J., on a motion
for summary judgment.

*Ann M. McCarthy* for the defendants.

*William J. McLellan*, pro se, submitted a brief.

DREBEN, J. On July 17, 1988, Correction Officer Belisle
filed a disciplinary report charging the plaintiff with violating
departmental or institutional rules, see 103 Code Mass.
Regs. § 430.24(2) (1987), and with conduct disrupting the
orderly running of a correctional institution, 103 Code Mass.

---

[1]Correction personnel who were members of the disciplinary board
which issued a sanction against the plaintiff.

Regs. § 430.24(8) (1987). The report described the offense as follows:

> "On 7-17-88 at aprox 6:20 p.m., while I was standing at the end of the upper right tier, I did notice inmate Mc-Lellan passing the phone to Jack Shea. This inmate is well aware that he is not to pass the phone on his allotted phone time. Inmate Jack Shea is on isolation status and is not to have the phone."

Belisle's report was signed by the disciplinary officer and by the shift commander, as well as by Belisle. The disciplinary officer is appointed by the superintendent of M.C.I., Cedar Junction, to review disciplinary reports, to determine whether to proceed on disciplinary charges, and to designate the offense as a major or minor matter. 103 Code Mass. Regs. §§ 430.07 & 430.09 (1987).

Designated as "major," the matter went to a hearing. The disciplinary board found the plaintiff guilty on the basis of the report, "given inmate refused to attend hearing," and imposed a sanction consisting of a two-week loss of telephone privileges. After an unsuccessful appeal to the superintendent, the plaintiff brought this action in the nature of certiorari.[2] The parties filed cross motions for summary judgment; only the defendants' was allowed.

In this appeal from the ensuing judgment, the plaintiff makes the following contentions: (1) because the board gave inadequate reasons for its findings and because the evidence relied upon was only the officer's disciplinary report and the plaintiff's silence, the board's decision was in violation of both the department's regulations and the requirements of due process set forth in *Wolff* v. *McDonnell*, 418 U.S. 539 (1974); (2) because of the notation by Officer Belisle on the plaintiff's appeal to the superintendent that he tried to stop the "ticket," the decision should have been dismissed; and

---

[2]The plaintiff also sought to bring this action under G. L. c. 231A. This was inappropriate. See *McLellan* v. *Commissioner of Correction, post* 933, 934 (1990), and cases cited.

(3) regulations of the department as to telephone use were not followed. We affirm the judgment for the defendants.

1. *Adequacy of reasons and evidence.* We first consider whether there was a violation of local law in the form of the regulations. See *Wightman* v. *Superintendent, M.C.I., Walpole,* 19 Mass. App. Ct. 442, 444 (1985). The one-page departmental form for recording decisions of the prison disciplinary board provided, inter alia, space for "Statement of Evidence relied upon to Support Finding" and for "Reasons for Sanction." In the appropriate place, the board inserted, "Report relied upon to determine guilt — given inmate refused to attend hearing."[3] As reasons, the board inserted: "Sanction to serve as a message to the inmate that passing the phone to other inmates is against the rules and will not go overlooked. He has been here long enough to know this. His scheduled phone time is for himself, not anyone else."

The plaintiff urges that the disciplinary report must have some kind of corroborating evidence other than the adverse inference that may be drawn from the plaintiff's silence. The reasons for the sanction, in his view, also are inadequate.

The departmental regulations, the relevant portions of which are summarized in the margin,[4] and other authorities

---

[3]The plaintiff's complaint stated that he refused to attend the hearing because there is no rule or regulation prohibiting "passing the phone." He wisely refrains from making this argument on appeal in view of 103 Code Mass. Regs. § 482.09(1) (1986), which prohibits inmates in disciplinary isolation from having access to a telephone, except to call courts and attorneys, without authorization of the superintendent. McLellan's providing telephone access to an inmate in isolation can readily be considered to interfere with the orderly running of the institution (§ 430.24[8]), an offense listed in Belisle's disciplinary report.

[4]The departmental regulations require that: "The evidence relied upon for the guilty finding and the reasons for the sanction . . . . be set out in specific terms." 103 Code Mass. Regs. § 430.17(2) (1987). The proponent of the disciplinary report has the burden of proving the offense by a preponderance of evidence. § 430.16(1)(1987). The board is not bound by the rules of evidence (§430.13[3][1987]) but is to make its findings based on "substantial evidence." § 430.16(1). If the inmate wishes to have the reporting staffperson present, he is to file a form (§430.11[4][1987]) and such staffperson, when requested by the inmate or the disciplinary board, shall attend the hearing unless a determination of unavailability has been made. §430.14(5)(1987). The inmate may call witnesses and present other

do not bear out these claims. To the contrary, they support our conclusion that the statement of evidence relied upon was sufficient and reflects "the thinking processes that led the prison board to believe the inmate committed the charged offense and to determine that a particular sanction was appropriate." *Stokes* v. *Commissioner of Correction*, 26 Mass. App. Ct. 585, 591 (1988).

The plaintiff in this case did not request the presence of the staffperson or any other witnesses, see note 4, *supra*, and refused to attend the hearing. We, therefore, turn to the disciplinary report itself and compare it with the document found inadequate in *Wightman* v. *Superintendent, M.C.I., Walpole*, 19 Mass. App. Ct. at 443 and 446. There, an officer, "professing no particular experience with, or technical understanding of the drug," and "who [did] no more than express a 'belief' "· that the substance found was "angel dust," made a report charging the inmate with possession of an "unauthorized controlled substance." *Ibid*. The face of the report conceded that the substance was "unknown." In contrast, the disciplinary report of Officer Belisle recounted his direct observation of the plaintiff passing a telephone to an inmate on disciplinary isolation, an action which, without any additional validation, may be deemed a violation of the rules. See note 3, *supra*. The "adequacy of the accusatory document," see *Wightman* at 445; *Stokes* v. *Commissioner of Correction*, 26 Mass. App. Ct. at 589, together with the adverse inference which could be drawn from the plaintiff's silence (103 Code Mass. Regs. § 430.14[3] [1987]), constituted substantial evidence under the departmental regulations. See *Stokes* at 588-589. This is particularly true where (as here) the evidence was uncontradicted, see *Murphy* v. *Superintendent, M.C.I., Cedar Junction*, 396 Mass. 830, 834 (1986), and where the plaintiff's challenge was that the facts

evidence in his defense when permitting him to do so will not be unduly hazardous to personal safety or institutional security. §430.14(4) (1987). He may, but is not required to, make oral or written statements in his defense; however, an inmate's silence may be used to draw an adverse inference against him. §430.14(3)(1987). Such silence cannot be the sole basis for a guilty finding. *Ibid*.

described by the officer did not state an offense. See note 3, *supra.*

The plaintiff also raises due process considerations relying on *Wolff* v. *McDonnell*, 418 U.S. 536 (1974). He claims the requirements of *Wolff*[5] apply here because the offense was designated a "major" one.[6] *Wolff*, he argues, governs proceedings where there is a *possibility* of a loss of good time credits as well as when there is an actual loss.[7] He ignores footnote 19 at 571-572 of *Wolff*, which specifically states: "We do not suggest, however, that the procedures required by today's decision for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges." See also *Cassesso* v. *Commissioner of Correction*, 390 Mass. 419, 423-424 (1983). But see *Superintendent, M.C.I., Walpole* v. *Hill*, 472 U.S. 445, 454 (1985), *S.C.*, 392 Mass. 198 (1984), in which the Supreme Court stated, in dictum, "Where a prison disciplinary hear-

---

[5]The requirements of *Wolff* as set forth in *Superintendent, M.C.I., Walpole* v. *Hill*, 472 U.S. 445, 454 (1985), are, insofar as here relevant: "(3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." See also *Wolff*, 418 U.S. at 563, 566. *Hill* also added a requirement that "the findings of the prison disciplinary board [be] supported by some evidence in the record." 472 U.S. at 454.

[6]The department's regulations distinguish between major and minor matters, see 103 Code Mass. Regs. §§ 430.09(3), 430.11(1) (1987), and also between major and minor sanctions. 103 Code Mass. Regs. § 430.25 (1987). Although major "sanctions" are not expressly linked to major "matters," the connection is implicit.

[7]The plaintiff also argues that, because he was housed in the departmental segregation unit, the report had the potential of prolonging his confinement in segregation and therefore entitled him to the due process rights set forth in *Wolff*. Subsequent to the filing of his complaint, the plaintiff was released on parole. The claim is therefore moot. We treat, without so deciding, his other claims as still viable. He may have a personal stake in their outcome if findings of guilty on disciplinary reports have serious collateral consequences. See *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 703-704 (1976); 103 Code Mass. Regs. § 430.17(4) (providing for retention of disciplinary reports where an inmate has been found guilty). See also 103 Code Mass. Regs. § 430.16(2) (1987). But see *Baxter* v. *Palmigiano*, 425 U.S. 308, 311 n.1 (1976), where counsel for the respondents conceded that the action was moot as to a respondent who had been paroled two years after the suit was filed.

ing *may* result in the loss of good time credits," *Wolff*'s requirements must be met (emphasis supplied).

While we consider it unlikely that the onetime use of the word "may" in the *Hill* opinion, in view of other language in *Hill*, see 453-454, indicates that the potential loss of such credits impairs a liberty interest and hence triggers the due process rights of *Wolff*, see also *Baxter* v. *Palmigiano*, 425 U.S. 308, 323-324 (1976),[8] we need not decide that issue as, in any event, we think the *Stokes* decision, 26 Mass. App. Ct. at 588-590, implicitly, if not explicitly, disposes of the plaintiff's contentions that the requirements of *Wolff* were not met. The Federal Constitution requires, see note 5, *supra*, only that *some* evidence support the disciplinary findings, a standard less stringent than the substantial evidence test required by our State law. *Murphy* v. *Superintendent, M.C.I., Cedar Junction*, 396 Mass. at 833. 103 Code Mass. Regs. § 430.16(1) (1987).

In *Stokes*, 26 Mass. App. Ct. at 588-589, the plaintiff argued there was "insufficient specificity in the written decision as to the evidence the board relied on." In upholding certain of the board's decisions as not violative of either the department's regulations or of due process, where the board apparently relied entirely on the disciplinary reports, this court said, "[A]lthough more explanation might have been preferable, in each such decision the board's rationale is revealed, and there is at least a basis for a reviewing court or agency administrator to understand how the prison board reached the decision." *Id.* at 589. An adequate accusatory document may thus provide the specificity as to the evidence on which the board relied. We hold, as was implicit in *Stokes*, that it may also, especially when coupled, as here, with the silence of the plaintiff,[9] constitute substantial evidence of the offense, and, a fortiori, constitute "some evidence" as required

---

[8] *McKinnon* v. *Patterson*, 568 F.2d 930, 939 & n.9 (2d Cir. 1977), takes the view that the inmate's rights depend upon the maximum penalty which may be imposed. See also *Gomes* v. *Travisono*, 510 F.2d 537, 539 (1st Cir. 1974).

[9] Federal law also permits an adverse inference to be drawn from an inmate's silence. *Baxter* v. *Palmigiano*, 425 U.S. at 320 & n.4.

by *Hill.* See also *Vega* v. *Smith,* 66 N.Y.2d 130, 139-141 (1985), where the New York Court of Appeals held that written misbehavior reports describing with specificity an incident which the author claimed to have witnessed could, by themselves, constitute substantial evidence.

As in *Stokes,* 26 Mass. App. Ct. at 589, there is no merit to the claim that the stated reason for the sanction, a two-week loss of telephone privileges, was constitutionally inadequate. The "penalty [not here onerous] was based on the board's view of the seriousness of the particular offense." *Stokes* at 590.

2. *Officer's notation.* Officer Belisle, apparently, had second thoughts about the incident. According to an affidavit filed by the plaintiff in support of his cross-motion for summary judgment, the writing on the plaintiff's appeal form to the superintendent was Belisle's and stated: "It's my opinion this ticket should be void. I did try to stop this ticket before."

The plaintiff's contention that Belisle's notation should have resulted in a dismissal of the board's decision does not recognize that, once a disciplinary report has been filed, the decision to proceed rests not with the reporting officer, but with the disciplinary officer. 103 Code Mass. Regs. § 430.09(1) (1987).

There are many reasons, moreover, why an officer may have a change of heart or mind other than the truth of the allegations. While Belisle may have had discretion whether to issue a disciplinary report, he had no discretion under the regulations to prevent prosecution of the charges once they had been initiated. His unexplained notation on the appeal form, entered after a finding of guilty by the disciplinary board, is not a sufficient ground for requiring prison officials to follow Belisle's revised opinion or to reverse the board's finding or the denial of the appeal by the superintendent.

The remaining contention of the plaintiff that the department did not allow him to use the telephone to call attorneys or the courts during the period of the sanction is not sup-

ported by the record and, moreover, has no relevance to this appeal.

*Judgment affirmed.*