*Robert J. Carnes* for the defendant.

*Paul J. Caccaviello,* Assistant District Attorney, for the Commonwealth.

JAMES E. COLANTONIO *vs.* COMMISSIONER OF CORRECTION & others.[1] No. 94-P-846. July 9, 1996. *Due Process of Law,* Prison disciplinary proceedings. *Imprisonment,* Enforcement of discipline.

The plaintiff, who is serving a sentence at M.C.I., Cedar Junction, was the subject of a disciplinary report to the effect that he had punched the reporting officer. The plaintiff sought to have another inmate attend the hearing as a witness. The disciplinary board refused but offered to accept an affidavit from the inmate. No such affidavit was produced at the hearing, where the board had before it the disciplinary report of the officer who claimed to have been punched and the testimony of the plaintiff denying it. The board believed the report, and the plaintiff was reclassified to the departmental segregation unit (D.S.U.) for two years.

In response, the plaintiff brought this action seeking relief from the reclassification and damages for violation of his civil rights. In an interlocutory order, the judge held that the guilty finding of the disciplinary board could not stand for want of substantial evidence, due to the fact that the reporting officer had not testified in person, making it impossible for the board to assess his credibility vis-à-vis that of the plaintiff. The defendants

---

[1]Superintendent, M.C.I., Cedar Junction, and members of a disciplinary board.

complied with the interlocutory order by releasing the plaintiff from the D.S.U. and expunging the record of the disciplinary finding. They have not appealed.

On the plaintiff's subsequent motion for the assessment of damages, the judge declined with the notation: "No violation of clearly established right by defendants. In addition, as to defendant [commissioner], no involvement." The plaintiff has appealed, claiming entitlement to damages.

Insofar as the court denied an assessment of damages, it ruled correctly. The demands for assessment of damages and for counsel fees are predicated on 42 U.S.C. §§ 1983 and 1988 (1988), respectively. These require that the plaintiff show a Federal due process violation. Federal due process requires only "some evidence" to support a disciplinary board's finding of a violation. *Superintendent, M.C.I., Walpole* v. *Hill*, 472 U.S. 445, 455, 456 (1985). Federal decisions establish that a written disciplinary report, unaccompanied by other evidence of violation, may constitute compliance with the "some evidence" standard, even where contradicted by testimony of the alleged violator or his witnesses. *Saenz* v. *Young*, 811 F.2d 1172, 1173, 1174 (7th Cir. 1987). *Hrbek* v. *Nix*, 12 F.3d 777, 781 (8th Cir. 1993).

For purposes of determining the plaintiff's entitlement to damages under §§ 1983 and 1988, therefore, it is unnecessary to decide whether the correction officer's written disciplinary report by itself constituted "substantial evidence," presumably a higher standard than "some evidence" (see *Hill* v. *Superintendent, M.C.I., Walpole*, 392 Mass. 198, 203 n.5 [1984]), even though contradicted by the live testimony of the plaintiff.[2] We note, however, that the report is of the "self-validating" variety, see *Stokes* v. *Commissioner of Correction*, 26 Mass. App. Ct. 585, 589 (1988); *McLellan* v. *Acting Superintendent, M.C.I., Cedar Junction*, 29 Mass. App. Ct. 122, 125 (1990); contrast *Wightman* v. *Superintendent, M.C.I., Walpole*, 19 Mass. App. Ct. 442, 447 (1985), because it is the statement of a percipient witness to actions that manifestly constituted a violation of prison rules. Comparable reports, standing by themselves, and contradicted by the alleged violators' testimony, have been held to comply with the "substantial evidence" standard required by New York law. *Vega* v. *Smith*, 66 N.Y.2d 130, 140 (1985). For purposes of this appeal, however, it is enough to hold that the disciplinary board did not violate Federal due process standards in relying on the disciplinary report as sufficient evidence to establish a violation.

*Judgment affirmed.*

*James Colantonio*, pro se.

*Mary Eiro-Bartevyan* for the Commissioner of Correction & others.

---

[2]Contrast *Murphy* v. *Superintendent, M.C.I., Cedar Junction*, 396 Mass. 830, 833-834 (1986), reviewing a decision to forfeit good time credits under a "substantial evidence" standard because the regulations of the Department of Correction, both in that case and here, see 103 Code Mass. Regs. § 430.16(1) (1987), established that as the standard for disciplinary board decisions. In 1991 the department replaced the substantial evidence language with the following: "The proponent of the disciplinary report shall have the burden of proving the offenses by a preponderance of the evidence, but need not necessarily appear before the hearing officer." 103 Code Mass. Regs. § 430.16(1) (1991).