The plaintiff, Kyle Bryant, appeals from a judgment entered in favor of the defendants on cross motions for judgment on the pleadings. We affirm.
Background. The plaintiff, an inmate currently housed at the Souza-Baranowski Correctional Center, filed a complaint in the Superior Court seeking certiorari review of disciplinary reports filed against him, and damages for alleged violations of his civil rights. The disciplinary reports issued against the plaintiff stem from his refusal to enter the prison general population while he was incarcerated at MCI-Concord, because he feared for his safety.
Certiorari claim. The plaintiff challenges two disciplinary reports, asserting that it was unsafe for him to enter the general population. Our review of this claim is limited to the administrative record filed by the Department of Correction (department). See Seales v. Boston Hous. Auth., 88 Mass. App. Ct. 643, 649 (2015). Our review is not de novo, but rather we ask whether the administrative record contains substantial evidence of the inmate's guilt. Hill v. Superintendent, Mass. Correctional Inst., Walpole, 392 Mass. 198, 202 (1984). Substantial evidence is "evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs." Gonzalez v. Commissioner of Correction, 407 Mass. 448, 454 (1990), quoting 103 Code Mass. Regs. § 430.06 (1987).
Here, there was substantial evidence to find the plaintiff guilty of refusing a cell or housing assignment. The plaintiff admits that he refused a housing assignment, but claims that his refusal was justified due to concerns for his personal safety. After a review of the plaintiff's claim, he was cleared by the department to enter the general population each time and was so informed. The plaintiff's only evidence that he was at risk consists of his own assertions, but his subjective fear that he would be harmed by moving to general population is insufficient. See Schofield v. Clarke, 769 F. Supp. 2d 42, 50 (D. Mass. 2011). Accordingly, the judge properly concluded that "[t]he hearing officer had substantial evidence to support the disciplinary reports" and that "there was no evidence to corroborate [the plaintiff's] claims."
Civil rights claims. We treat a motion for judgment on the pleadings as akin to a motion to dismiss for failure to state a claim upon which relief can be granted. See Jarosz v. Palmer, 436 Mass. 526, 529 (2002).[4] We take as true the plaintiff's allegations, but also "look beyond the conclusory allegations in the complaint and focus on whether the factual allegations plausibly suggest an entitlement to relief." Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). Here they do not.
The plaintiff claims that the defendants were deliberately indifferent to his situation, yet the complaint is devoid of any factual allegations that the defendants disregarded a known excessive risk to the plaintiff. See Giroux v. Somerset County, 178 F.3d 28, 32 (1st Cir. 1999). His allegations add up to no more than a generalized, subjective fear of harm of being assaulted in the midst of inmates in the general population of MCI-Concord, not an objectively reasonable and substantial risk of serious harm as to which the defendants were deliberately indifferent. See Schofield, 769 F. Supp. at 50. Department officials are afforded broad discretion in the exercise of the agency's vital functions relative to management of safety and security of the prison inmate population. See Rosado v. Commissioner of Correction, 91 Mass. App. Ct. 547, 551-552 (2017).[5] The plaintiff has not alleged that there was wayward discretion or actionable misconduct (active or by omission) on the part of the defendants warranting relief based on the constitutional protections afforded to the plaintiff under the Eighth Amendment to the United States Constitution.
The plaintiff also contends that the defendants violated his rights under the double jeopardy clause of the Fifth Amendment to the United States Constitution by issuing two disciplinary reports for refusing housing assignments on two occasions. However, the double jeopardy clause protects against the imposition of multiple criminal punishments for the same offense. Hudson v. United States, 522 U.S. 93, 99 (1997). Principles of double jeopardy are not implicated here, because the prison disciplinary actions were civil in nature.
The plaintiff's claim under the Massachusetts Civil Rights Act (MCRA), G. L. c. 12, § 11I, also fails. The defendants did not interfere with the plaintiff's "exercise or enjoyment of rights secured by the Constitution or the laws of either the United States or the Commonwealth." Bally v. Northeastern Univ., 403 Mass. 713, 717 (1989). The plaintiff failed to demonstrate that the defendants' actions of placing him back in general population posed any threat to his safety. He did not otherwise identify "threats, intimidation, or coercion" on the part of the defendants and thus, the plaintiff's complaint failed to give rise to an MCRA claim. See Planned ParenthoodLeague of Mass., Inc. v. Blake, 417 Mass. 467, 474 (1994).
Finally, even assuming, arguendo, that the defendants' violated the plaintiff's constitutional rights, they are entitled to qualified immunity because the rights the plaintiff claims were not so clearly established that reasonable officials would have known they were acting improperly. See Mihos v. Swift, 358 F.3d 91, 98-102 (1st Cir. 2004).
Judgment affirmed.

We reject the plaintiff's argument that the defendants defaulted on this claim. See Superior Court Standing Order 1-96 (1). Moreover, the plaintiff failed to follow the procedure for entry of a default as set forth in Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974).

Contrast LaChance v. Commissioner of Correction, 463 Mass. 767, 778 (2012), holding that an inmate's "segregated confinement on awaiting action status for longer than ninety days" implicated a constitutionally-protected liberty interest, entitling an inmate to notice and a hearing.