**Carl Lee DRONE, Appellant,**

v.

**Terrell Don HUTTO, Commissioner, Arkansas Department of Correction, and Lt. Jimmy Dougan, Correctional Officer, Cummins Unit, Arkansas Department of Correction, Appellees.**

No. 77–1143.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1977.

Decided Nov. 28, 1977.

Barber, McCaskill, Amsler & Jones, Little Rock, Ark., for appellant.

Bill Clinton, Atty. Gen., and Robert A. Newcomb (former Asst. Atty. Gen.), Little Rock, Ark., for appellees.

---

Before BRIGHT and ROSS, Circuit Judges; and HARPER, Senior District Judge.*

PER CURIAM.

Carl Lee Drone, a prisoner at the Cummins Unit of the Arkansas Department of Correction, brought a civil action under 42 U.S.C. § 1983 (1970), against Lt. Jimmy Dougan, a corrections officer at the prison, and Terrell Don Hutto, Commissioner of the Department of Correction, seeking damages and injunctive relief because of injuries sustained at the hands of Lt. Dougan and other correctional officers at Cummins. The district court heard the prisoner's case without a jury and entered a dismissal. It found that, although Dougan admitted striking Drone several times with a slapper and although other prison guards joined in striking Drone, the force used by Dougan against Drone was not excessive and was used solely for the purposes of self-defense. Apparently Drone struck Dougan first and in the process broke Dougan's glasses.

On this appeal Drone, through counsel appointed by this court, urges that the district judge erred in refusing to grant his demand for a jury trial, in refusing to appoint an attorney to represent him in the district court, and in rejecting the testimony of his witnesses. We agree with the first contention and reverse as against appellee Dougan.[1] We hold that because Carl Lee Drone demanded a jury trial in his complaint the trial court was obligated to grant the request under the seventh amendment.

■ In the concluding section of his pro se complaint, appellant requested, among other things, a "trial by jury on all facts trialable [sic] by jury[.]" The district court had denied a jury trial because appellant sought equitable relief as well as damages. The court committed error in this regard, for it is well established that a

plaintiff in the federal court asserting both legal and equitable claims in the same lawsuit is entitled to a jury trial on the legal issue. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). See also Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970).

Appellee does not dispute this principle but relies on local rule 2(d) for the Eastern District of Arkansas to support the denial of a jury trial. That rule provides: "It will be helpful if demands for jury trial are made separate from the complaint or answer filed in any cause."

■ The quoted language recites no legal requirement applicable to jury trial demands and is suggestive only. The failure to comply with such a "suggestion" does not constitute waiver of a right to jury trial when one has been demanded in accordance with Federal Rule of Civil Procedure 38(b). Cf. Rutledge v. Electric Hose & Rubber Co., 511 F.2d 668 (9th Cir. 1975) (waiver of jury trial right for failure to comply with mandatory local rule that merely refined Federal Rule of Civil Procedure 38(b), and did not conflict with it). Moreover, in circumstances where a petitioner's poverty forces him to proceed pro se, a court ought not to reject on technical grounds a right asserted within the handdrawn (pro se) complaint.

While we do not reach the other issues asserted on appeal, we note that appellant's assertion of his need for appointed counsel pursuant to 28 U.S.C. § 1915(d) (1970) does appear to have merit, for the record discloses that appellant, a pauper, may suffer from mental disease. See, e. g., Scott v. Plante, Inc., 532 F.2d 939 (3d Cir. 1976); Peterson v. Nadler, 452 F.2d 754 (8th Cir. 1971). The district judge should reconsider

---

* ROY W. HARPER, United States Senior District Judge, Eastern District of Missouri, sitting by designation.

1. No cause of action is stated against Commissioner Hutto who was neither present at the altercation nor authorized Lt. Dougan to brutalize his prisoner in the manner alleged in the pro se complaint.

the request for counsel in light of a record that is more extensive than it was when the issue was first presented to that court.

We reverse and remand this case to the district court for further proceedings consistent with this opinion.