Gerry MILES, Appellant,

v.

ERTL COMPANY, Appellee.

No. 83–2334.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1983.

Decided Dec. 19, 1983.

Rehearing Denied Feb. 2, 1984.

No briefs were filed in this case.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

Gerry Miles appeals from the district court's dismissal of his civil rights complaint for failure to comply with the formal requirements of Fed.R.Civ.P. 8(a)(1), 8(a)(2), 8(e)(1), 10(a), 10(c), and 12(e), and local rules 1.10.2, 1.10.4, and 1.10.6. We believe dismissal was improper and we reverse.

Miles alleges discriminatory disciplinary treatment by the Ertl Company. He was suspended for eight days when he slapped a female employee in response to her use of a racial slur; the woman was suspended for four days. Ertl then warned all employees that they would be fired for fighting or using racial slurs. Four months later, after repeated harassment by white workers, Miles slapped one of his antagonists and was fired.

After an unsuccessful hearing before the Iowa Equal Employment Opportunity Commission, Miles sued in federal court. The district court granted Ertl's motion to strike the complaint for noncompliance with the Federal Rules of Civil Procedure. Miles was given leave to amend his complaint. To correct the deficiencies in the complaint, the district court suggested that Miles address the procedural history and jurisdictional basis of the suit and specify the names of defendants, the facts underlying each cause of action, and the nature of relief sought. Miles responded with an illegible letter which essentially reiterated his complaint. The complaint was dismissed and Miles appealed to this Court.

Pro se pleadings must be construed liberally. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). This Court has observed that, "in circumstances where a petitioner's poverty forces him to proceed *pro se,* a court ought not to reject on technical grounds a right asserted within the hand-drawn (*pro se*) complaint." *Drone v. Hutto,* 565 F.2d 543, 544 (8th Cir.1977).

While the principle of liberal construction must be limited by reasonableness,

*United States ex rel. Dattola v. National Treasury Employees Union,* 86 F.R.D. 496, 499 (W.D.Pa.1980), we believe that reasonableness does not compel dismissal of this case. The formal requirements of the Federal Rules of Civil Procedure exist to give the defendant fair notice of the charges so that a meaningful response to the pleading may be filed. *See id.* Miles's pleadings undoubtedly failed to conform strictly with the rules. Nevertheless, in relatively clear terms Miles narrates a sequence of events which arguably give rise to a cause of action and could be addressed by a responsive pleading. Ertl could not be said to have been denied fair notice of Miles's claim by his pro se complaint.

We have reviewed the record and conclude that the district court erred in dismissing this complaint for failure to comply with the Federal Rules of Civil Procedure. Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion. On remand we urge the district court to consider the appointment of counsel under 28 U.S.C. § 1915(d) to assist Miles in amending his. complaint.