19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Walter D. NELSON; Plaintiff,
Alice A. Nelson; Woodrow D. Nelson; Charles L. Nelson;
Arlie V. Nelson; Vicky L. Nelson, Appellants,
v.
FARM CREDIT SERVICES, also known as Federal Land Bank of
Norfolk; Federal Land Bank of Omaha; Calvin J.
Allyn; James A. Heimes; John Does, Appellees.
 No. 93-2622.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 9, 1993.
Filed: March 18, 1994.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Walter D. Nelson, Alice A. Nelson, Woodrow D. Nelson, Charles L. Nelson, Arlie V. Nelson, and Vicky L. Nelson (the Nelsons) pro se appeal the district court's[1] dismissal of their complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8. We affirm.
 
 
 2
 On December 17, 1992, the Nelsons filed a thirty-three-page complaint related to loans they had obtained. Defendants filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). Defendants also asked the court to award sanctions pursuant to Federal Rule of Civil Procedure 11.
 
 
 3
 On April 30, 1993, the district court held defendants' motion to dismiss in abeyance, and gave the Nelsons ten days to file an amended complaint conforming to Rule 8's requirements of short and plain statements of the claims and jurisdictional grounds. The court warned the Nelsons that all statements in their complaint were subject to Rule 11 and that sanctions might be imposed for failure to comply. The Nelsons moved to vacate this order, but did not file an amended complaint. On May 21, 1993, the court sua sponte dismissed without prejudice the Nelsons' complaint for failure to comply with Rule 8 even after being ordered to do so. The Nelsons appealed.
 
 
 4
 The liberal construction afforded a pro se pleading is limited by reasonableness: defendants must be given fair notice of the claims so that they may make a meaningful response to the pleadings. Miles v. ERTL Co., 722 F.2d 434, 434-35 (8th Cir. 1983) (per curiam). "A complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) after allowing time to file an amended complaint." Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988), cert. denied, 488 U.S. 1013 (1989). We conclude that the district court did not abuse its discretion in dismissing the Nelsons' complaint without prejudice after they ignored the court's order and failed to file an amended complaint that would comply with the requirements of Rule 8.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE RICHARD G. KOPF, United States District Judge for the District of Nebraska