Wilfred H. EVICCI, Plaintiff,

v.

Shawn BAKER; Jerry Devitto; J. Belle-rose; Leslie; Santiago "Doe"; Paul Dipaolo, Defendants.

No. CIV.A.00–10749–WGY.

United States District Court, D. Massachusetts.

March 12, 2002.

Craig & Macauley, P.C., Boston, MA, c/o Taylor, Ganson & Perrin, Boston, MA, for plaintiff.

Wilfred Evicci, MCI–Shirley, SMU–Z # 2, Shirley, MA, pro se.

Michael H. Cohen, Department Of Correction, Bridgewater State Hospital, Bridgewater, MA, Maryanne E. Kilty, for Shawn Baker, Jerry Devitto, J. Bellerose, Santiago Doe, Paul Dipaolo, Defendants.

## MEMORANDUM AND ORDER

YOUNG, Chief Judge.

## I. Introduction

Wilfred H. Evicci ("Evicci"), currently incarcerated at the Southeastern Correctional Center in Bridgewater, Massachusetts, regularly appears as a pro se civil litigant in this Court—more often than many of the most esteemed members of the Massachusetts Bar. This opinion addresses one of the three complaints he filed in 2000—a fraction of the nine complaints Evicci has filed in this District during the previous three years.[1]

In this case, his complaint of April 17, 2000, Evicci alleges that he was beaten by several correctional officers and that a subsequent conspiracy existed to cover up the beating and deny him access to medical care.

The Court appointed Evicci counsel, in the hope that such counsel would be able properly to present Evicci's valid claims.

Unfortunately, counsel subsequently encountered family tragedy that rendered him unable to continue the representation. The Court has since encountered severe difficulty in finding counsel willing to accept the significant burden Evicci represents (he sues his lawyers). Replacement counsel, in fact, has been impossible to locate.

As a result, this Court entered an order on January 9, 2002, directing that Evicci proceed pro se, and now addresses the defendants' pending motion for summary judgment.

## II. Factual Background

This complaint names as defendants Shawn Baker ("Baker"); Jerry DeVitto ("DeVitto"); J. Bellerose ("Bellerose"), all correctional officers at Souza–Baranowski Correctional Center ("Souza–Baranowski"); "Leslie," a nurse employed by Correctional Medical Services who worked at Souza–Baranowski; Santiago "Doe", an inner perimeter security officer at Souza–Baranowski; and Paul DiPaola ("DiPaola"), the former superintendent and chief administrator at Souza–Baranowski.[2] *See* Compl. ¶ 2–10, Docket No. 6, No. 00–10749–WGY.

1. *Evicci v. Money, et al.*, No. 01–12216 (unassigned) (D. Mass. filed Dec. 13, 2001) (prisoner's civil rights); *Evicci v. Maloney*, No. 01–10346–DPW (dismissed March 23, 2001) (demand for transmittal of appeal to United States Supreme Court); *Evicci v. Old Colony Corr. Ctr.*, No. 00–12356–WGY (filed Nov. 14, 2000) (prisoner's civil rights associated with mail service); *Evicci v. Baker, et al.*, 00–10749–WGY (filed Apr. 17, 2000) (prisoner's civil rights); *Evicci v. John Doe 1 et al.*, No. 00–10279–WGY (filed Jan. 31, 2000) (prisoner's civil rights); *Evicci v. Maloney*, 99–12345–DPW, *terminated on appeal* (1st Cir. Jan. 5, 2001) (prisoner's civil rights); *Evicci v. Doe et al.*, No. 99–11925–WGY (dismissed Oct. 6, 1999); *Evicci v. Comm'r of Corr.*, No.

99–11561–DPW (D. Mass. filed July 7, 1999), *appeal filed* (1st Cir.) (petition for writ of habeas corpus); *Evicci v. Corr. Officer et al.*, 98–10703–PBS, *aff'd* (1st Cir. Aug. 14, 2001) (prisoner's civil rights).

2. The complaint also names "John Doe," a correctional officer and North SMU Sergeant at Souza–Baranowski; "John Doe," an inner perimeter security correctional officer at Souza–Baranowski; and Jane Doe, a nurse at Souza–Baranowski. Compl. ¶ 6. Because these parties are not adequately identified, however, no summons has issued and they are not before the Court.

On July 17, 1999, Evicci was housed in the North Special Management Unit ("N–SMU") at Souza–Baranowski. Defs.' Mem. in Support p. 2. Evicci alleges that on that date, Baker, Bellerose, and DiVitto took him, in handcuffs and leg shackles, to a visiting room cell. Compl. ¶ 13. Baker entered the room behind Evicci and began punching his back, "causing pain and injury that lasted for weeks and months after and was torture during and after said assault." *Id.* ¶ 15. Subsequently, Bellerose and DiVitto joined Baker in beating Evicci, inflicting additional pain and injury. *Id.*

"Jane Doe Nurse" of the Health Services Unit performed an initial examination of Evicci later that day. *Id.* ¶ 16. The examination took place in front of several correctional officers with Evicci in handcuffs and leg shackles. *Id.* The examination revealed that Evicci had injuries to his back; he was therefore given pain pills. *Id.* Although Evicci was told that he would be checked by a doctor on Monday, no examination was given. *Id.*

Evicci asserts that the defendants took measures to cover up the assault. *Id.* For example, Evicci states that Santiago Doe saw the marks on Evicci's body, but refused to take pictures of them, stating "the investigation stops when you tell me how to do my job." *Id.* ¶ 17. Evicci further alleges that this refusal and other "careless disregard for the inmate . . . substantiate[s] [the] conspiracy to cover-up illegal things." *Id.*

The complaint makes no specific allegations against DiPaolo, merely identifying him as the superintendent at Souza–Bara-

nowski at the time of the alleged beating. *Id.* ¶ 10. Nor does the complaint make specific allegations against Leslie, beyond identifying her as a nurse employed by Correctional Medical Services who worked at Souza–Baranowski.[3] *Id.* ¶ 5.

On July 9, 2001, Baker, DeVitto, Bellerose, and DiPaolo (collectively, the "Defendants"), filed a motion for summary judgment.[4] This motion has been scheduled, and rescheduled, for oral argument several times. The personal tragedies of Evicci's former appointed counsel and this Court's subsequent inability to locate replacement counsel prevented prior adjudication of the motion.

## III. Discussion

### A. Standard of Review

Summary judgment is appropriate if, after reviewing the facts in the light most favorable to the nonmoving party and drawing all justifiable inferences in favor of the nonmoving party, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)), "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine" issue is one that "properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 250, 106

---

**3.** It is clear from the complaint that Leslie and "the defendant Jane Doe Nurse" are different individuals. Compl. ¶¶ 5, 9, 16. Jane Doe is alleged to have examined Evicci after the beating, not Leslie. *Id.* ¶ 16.

**4.** Leslie has not yet filed an answer. On March 21, 2001, counsel for Correctional Medical Services, Inc., wrote to the Court indicating that they cannot answer Evicci's complaint because they are unable to identify "Nurse Leslie" and service as to Leslie was improper.

S.Ct. 2505. A "material" fact is one that "might affect the outcome of the suit under the governing law." *Id.* at 248, 106 S.Ct. 2505. Thus, summary judgment should be denied if there is sufficient evidence such that a jury could return a verdict for the nonmoving party. *Id.* at 249–52, 106 S.Ct. 2505.

The moving party bears the burden of showing that there is no genuine issue as to any material fact and that he or she is therefore entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 250, 256, 106 S.Ct. 2505; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Finn v. Consolidated Rail Corp.,* 782 F.2d 13, 15 (1st Cir.1986). If the movant satisfies this burden, then the nonmovant can only survive summary judgment by proffering evidence supporting the existence of a genuine issue of material fact to be resolved at trial. *Donovan v. Agnew,* 712 F.2d 1509, 1516 (1st Cir.1983). The adverse party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but rather must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. When the nonmoving party bears the burden of proof on the merits, it is sufficient for the moving party to show an absence of evidence in support of the nonmoving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548.

## B. Pro Se Complaints

Pro se complaints are generally held to "less stringent standards than formal pleadings drafted by lawyers." Am. Jur.2d, Pro Se Complaints § 2510; *see Pavilonis v. King,* 626 F.2d 1075, 1078 (1st Cir.1980) (citing *Haines v. Kerner,* 404

U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). This relaxation of the formal requirements applies to the legal formalities of pleading and the demarcation of causes of action. *See Rohler v. TRW, Inc.,* 576 F.2d 1260, 1267 (7th Cir.1978) (requiring court to amend erroneous jurisdictional statement); *Miles v. Ertl Co.,* 722 F.2d 434, 435 (8th Cir.1983) (reversing district court's dismissal of a case wherein the facts arguably asserted a cause of action, but the complaint was deficient in form and content).

 Although pro se complaints are to be construed liberally, *Miles,* 722 F.2d at 435, citing *Haines,* 404 U.S. at 519, 92 S.Ct. 594, there is a limit. If, after opportunity to correct deficiencies in the allegations, a plaintiff's "complaints are so hopelessly general that they could give no notice of . . . [the] claims" then the complaint is properly dismissed. *Pavilonis,* 626 F.2d at 1078. In other words, leniency applies to the formalities, not the facts, of a cause of action.

 In short, courts should act to insure that pro se litigants rights are not inadvertently jeopardized through tactical or legal ignorance. Additionally, if there are causes of action which a plaintiff desires to assert, but the facts pled do not quite meet the legal requirements,[5] the Court should accord the plaintiff an opportunity to amend the complaint to plead the required facts.

 Evicci is an indigent person proceeding pro se, his handwritten complaint crafted and submitted without the benefit of counsel. Accordingly, it falls to this Court to refine the complaint appropriately to present the legal and factual issues necessary to the resolution of this dispute.

---

5. There is a practical limitation to this standard: the Court will permit amendment to make clear what is implied, it will not permit amendment ad infinitum to include every new grievance and contextually unrelated claim that comes to mind.

## C. Evicci's Causes of Action

As a result of the multiplicity of allegations and causes of action associated with Evicci's eight cases, certain claims more appropriate to other cases are tangentially implicated in this case. This much is clear, however: Evicci's complaint here addresses one set of facts—his alleged beating by Department of Corrections personnel and the circumstances attendant thereon. Evicci identifies three aspects of the fact pattern for which he seeks redress: (a) the alleged beating; (b) the alleged failure to provide adequate medical care; and (c) the alleged conspiracy to cover up the beating and inadequate medical care.

Given this background, the Court has reviewed Evicci's complaint and his associated affidavits, motions, memoranda and letters, and finds that Evicci intends to assert the following causes of action:

1. Violation of the U.S. Constitution, Eighth Amendment, in that Baker, Bellerose and Devitto allegedly beat Evicci in a holding cell as described in the complaint (the "beating"), such beating allegedly constituting cruel and unusual punishment.

2. Violation of the U.S. Constitution, Eighth Amendment, in that the denial of effective medical treatment for the injuries received in the beating constituted cruel and unusual punishment.

3. Common law Assault and Battery, in that the beating constituted an assault and battery on Evicci.

4. Violation of the U.S. Constitution, Fourteenth Amendment, in that Evicci's federally protected liberty interest in bodily integrity was denied without adequate procedural due process protections by the beating.

5. Violation of the U.S. Constitution, First Amendment, in that alleged interference with Evicci's legal mail effectively interfered with his right to petition the government for redress of these grievances.

6. Civil conspiracy in that various members of the Department of Corrections conspired to cover up evidence of the beating.

With this backdrop in mind, the Court now turns to the defendants' motion for summary judgment, applying the arguments asserted therein to the framework identified above.

## D. Evicci's Beating, the Primary Eighth Amendment Claim

█ Evicci claims that he was beaten and that such beating constitutes cruel and unusual punishment prohibited by the United States Constitution, Eighth Amendment. Compl. ¶¶ 14–18. It is well established that both the treatment of prisoners and the conditions of their confinement are within the scope of the Eighth Amendment's prohibitions. *See Giroux v. Somerset County*, 178 F.3d 28, 31 (1st Cir.1999) (citing *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). As the defendants correctly note, if Evicci's allegations regarding the beating are true, the conduct "might probably be characterized as a violation of his right to be free of cruel and unusual punishment." Defs.' Mem. in Support, p. 7.

The defendants have submitted numerous exhibits and affidavits that purport to demonstrate that, in fact, Evicci assaulted the corrections officers. The completeness of these documents, the weight to be attributed them, and the ultimate decision to accept the proposition they support, however, is a decision for the trier of fact. To survive this motion, Evicci need only demonstrate an issue of material fact in dispute.

■ In Evicci's complaint,[6] Evicci asserts that he was beaten, and describes the attack. Compl. ¶¶ 13–17. The medical report of Evicci's condition the evening of the alleged assault notes "multiple erythemic areas on back and chest." Exhibit G.[7] Thus, the record establishes an adequate evidentiary basis to support a jury finding that Evicci was beaten, not merely subdued. Accordingly, summary judgment can not be granted regarding Evicci's Eighth Amendment claim.

To establish liability pursuant to section 1983, Evicci must prove conduct "attributable to a person acting under color of state law" that "worked a denial of rights secured by the Constitution or by federal law." *Soto v. Flores,* 103 F.3d 1056, 1061 (1st Cir.1997) (citing *Martinez v. Colon* 54 F.3d 980, 984 (1st Cir.1995)). In this case, the corrections officers were in the prison, using their authority as corrections officers to commit the beating. But for the authority given them as corrections officers, the defendants would not have been able to beat Evicci—their conduct was therefore under color of law. The beating, if committed as alleged above, constitutes a violation of Evicci's Eighth Amendment rights—rights secured by the Constitution of the United States. Thus, Evicci has made out a prima facie section 1983 case.

### E. Cruel and Unusual Deprivation of Medical Care

■ Evicci further claims that the denial of medical care, specifically his inability to be seen by a doctor instead of a nurse, constituted cruel and unusual punishment violative of the Eighth Amendment. In *Estelle v. Gamble,* 429 U.S. 97, 107–08, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court considered precisely this issue and concluded that where a prisoner had been seen by medical personnel 17 times over three months, there simply could be no denial of access. The Supreme Court noted that denial of medical care could constitute a violation of the Eighth Amendment, but that it must reach a level that demonstrates actual malice or deliberate indifference (in accordance with traditional Eighth Amendment jurisprudence). *Id.* at 104–06, 97 S.Ct. 285. Against this backdrop, the defendants have submitted evidence of 16 sick call examinations of Evicci over the three month period after the alleged assault, at least four of which were by doctors, not nurses. Accordingly, Evicci's complaint flies in the face of *Estelle* and summary judgment on this claim will enter for the defendants.

### F. Assault and Battery

■ An assault is a threatening gesture coupled with the apparent ability to injure a person with force or violence; a battery is an accomplished assault. *See Commonwealth v. Ruggles,* 6 Allen 588, at *3 (Mass.1863); *Legaski v. Melanson,* 1994 WL 879304, at *2 (Mass.Super.1994) (Graham, J.) (citing *Ruggles* at *3). A peace officer can be liable for committing an assault and battery if they use excessive force: in making an arrest, in subduing a prisoner, or in effecting the incarceration of an arrested person. *See* Am.Jur.2d, Assault and Battery § 105.[8]

---

6. The complaint is sworn to under the penalties and pains of perjury.

7. "Erythemic" is generally defined as a redness of the skin. *See, e.g.,* Amer. Heritage Dict.2d Ed., 1982.

8. The Fourth Amendment protects against the wanton or malicious infliction of pain by an arresting officer. *See Wilkins v. May,* 872 F.2d 190, 193 (7th Cir.1989). Evicci, however, "is a prisoner, [accordingly] the applicable provision is the Cruel and Unusual Punishments Clause of the Eighth Amendment."

██ In this instance, Evicci has alleged that the defendants "began punching Plaintiff's back, causing pain and injury that lasted for weeks." Compl. ¶ 15. If true, this is a classic battery. *See Commonwealth v. Pierce,* 419 Mass. 28, 34–35, 642 N.E.2d 579 (1994). Summary judgment cannot enter on this claim.

## G. Fourteenth Amendment

Evicci's claim pursuant to the due process clause of the Fourteenth Amendment of the United States Constitution cannot fairly be read to complain of any disciplinary hearing, as neither the complaint nor any subsequent documentation complains of, or seeks a remedy regarding, any such hearing.

██ As the defendants note, to assert a due process violation Evicci must demonstrate both that he was deprived of a protected interest and that the deprivation lacked the requisite due process. *See Zinermon v. Burch,* 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Romero–Barcelo v. Hernandez–Agosto,* 75 F.3d 23, 25 (1st Cir.1996). Evicci has a protected liberty interest in his bodily integrity, i.e. in being free from assault and battery.[9] Violation of that liberty interest, under the circumstances alleged, constitutes a violation of Evicci's Due Process rights as well.[10]

██ To the extent that the defendants assert *Hill v. Superintendent, Mass. Corr. Inst., Walpole,* 392 Mass. 198, 466 N.E.2d 818 (1984), *rev'd on other grounds,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), absolves them of liability, they are misguided. *Hill* addresses prisoners complaining about the conduct and content of their disciplinary hearings. Evicci does not complain of the hearing. Furthermore, to the extent that the defendants rely on *Wolff v. McDonnell* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935, (1974), that case requires minimum procedural protections be imposed *before* the hearing and deprivation. *Id.* at 565, 568, 94 S.Ct. 2963. In this instance, the alleged deprivation— the beating—took place prior to the hearing. Thus, on its face, the due process accorded is insufficient.

The record establishes an adequate evidentiary basis to support a jury finding that Evicci was beaten. If he was beaten, Evicci has a valid due process claim. Summary judgment is, therefore, inappropriate with respect to Evicci's due process claim.

## H. First Amendment Claims

██ Evicci's First Amendment claim is rather vague. Although Evicci does refer to grievances he has with the prison mail system, the grievances take the form of an angry aside, not an actual complaint. There is no assertion in the core factual

---

*Williams v. Boles,* 841 F.2d 181, 183 (7th Cir.1988) (rejecting prisoner's § 1983 claim alleging his Fourth Amendment rights were violated when guards beat him). Accordingly, Evicci cannot assert a Fourth Amendment claim—and does not.

9. To the extent that the Defendants contest the existence of a liberty interest, their argument proceeds from the assumption that there was no beating. As previously discussed, that assumption is untenable in the summary judgment context.

10. The procedural due process required in a given situation is determined using a four part test that considers: (i) the interest affected; (ii) the risk of erroneous deprivation; (iii) the value of additional or substitute safeguards; and (iv) the Government's interest in the burdens the additional or substitutive burdens would impose. *See Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), *Gilbert v. Homar,* 520 U.S. 924, 117 S.Ct. 1807, 1809, 138 L.Ed.2d 120 (1997).

recitals that support even the idea that the defendants have interfered with Evicci's ability to petition the government.

Evicci's claim seems to be that the interference with his legal mail interfered with his First Amendment right to petition the government regarding his grievances—to wit, that his access to the courts was impeded. Evicci is separately litigating his complaints with the prison mail system in this Court. *See Evicci v. Old Colony Corr. Ctr.*, No. 00–12356–WGY (filed Nov. 14, 2000) (pending before this Session). Accordingly, these complaints are more properly considered as part of this other complaint.[11]

Nevertheless, Evicci complains in this case and here this claim fails on the facts pled. To establish a violation of this nature, a plaintiff must establish "actual injury." *See, e.g., Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). In the context of restricted—but not barred—access, a showing of actual prejudice is required. *See Sowell v. Vose*, 941 F.2d 32, 35 (1st Cir.1991). In this instance, Evicci has filed and prosecuted nine actions in the United States District Court for the District of Massachusetts (including this case) in the last three years. In short, there has been no meaningful restriction on Evicci's access to the courts. As there is no allegation of actual prejudice in these cases, there has been no injury. Accordingly, the defendants' motion for summary judgment with respect to this claim is granted.

### I. Conspiracy

 The defendants move for summary judgment with respect to the conspiracy claim on the basis that there has been no underlying violation of Evicci's

rights. Defs.' Mem. in Support, § V. Given this tactical approach, they offer no helpful argument addressing the evidence Evicci proffers. On his personal knowledge, Evicci claims Baker, Bellerose, and DeVitto engaged in a joint venture to beat him up and then Santiago "Doe" refused to document Evicci's injuries. Drawing all inferences in Evicci's favor, this evidence is sufficient, albeit barely, to defeat summary judgment on the claimed conspiracy to cover up the beating.

### J. DiPaolo

 Section 1983 liability may be imposed on "supervisor... only on the basis of his own acts or omissions." *Febus–Rodriguez v. Betancourt–Lebron*, 14 F.3d 87, 91–92 (1st Cir.1994). Here, DiPaolo is not alleged to have engaged in any conduct whatsoever (improper or otherwise) in either the complaint or associated documents, nor has there been any colorable evidence that he participated in a conspiracy. Accordingly, summary judgment is granted in favor of DiPaolo.

### IV. Conclusion

For the reasons set forth above, summary judgment is granted in favor of the defendants "Leslie" and DiPaolo. Summary judgment is likewise granted for Santiago "Doe" on all claims save that of conspiracy. Summary judgment is granted for all Defendants on the claims for cruel and unusual punishment through deliberate indifference to Evicci's medical needs, and upon his First Amendment claims. Summary judgment as to Evicci's claims for cruel and unusual punishment, denial of due process, assault and battery,

---

11. The Court is also in receipt of affidavits detailing alleged interference with legal mail that occurred on December 17, 2000. As this action was begun in April, 2000, these complaints are not related to the current suit.

and conspiracy arising out of the alleged beating is denied.

Even a cursory reading of Evicci's other complaints reveals that the matters of which he here complains may well have been adjudicated in another of his plethora of complaints. Insofar as Evicci's present complaint survives summary judgment, therefore, it may nevertheless be vulnerable to a renewed motion for summary judgment on that ground or upon the ground that Evicci has failed to exhaust his administrative remedies as required by 42 U.S.C. section 1997E(a) and as recently explicated by the Supreme Court in Porter v. Nussle, —— U.S. ——, 122 S.Ct. 983, —— L.Ed.2d ——, 2002 WL 261683 (2002). Nothing in this opinion is to be read as precluding these possibilities.

This case, *Evicci v. John Doe, et al.*, No. 00–10279–WGY, and *Evicci v. Old Colony Corr. Ctr.*, No. 00–12356–WGY, are all consolidated for trial and placed upon the Court's September running trial list.

SO ORDERED.