ROBERT BERYL *vs.* SUPERINTENDENT, SOUZA-BARANOWSKI CORRECTIONAL CENTER, & others.[1] No. 00-P-1092. July 24, 2002. *Imprisonment,* Enforcement of discipline. *Evidence,* Videotape. *Practice Civil,* Action in nature of certiorari. *Administrative Law,* Hearing, Record, Substantial evidence.

The plaintiff, an inmate at the Souza-Baranowski Correctional Center, received a disciplinary report alleging that he assaulted and verbally abused a correction officer during an April 12, 1999, dining hall altercation, which was recorded by the facility's video surveillance equipment. The plaintiff successfully requested the videotape and introduced it at the disciplinary hearing, where it was viewed by the hearing officer. The hearing officer found the plaintiff guilty, imposed sanctions and issued a decision stating that it was "based on the reporting officer['] s written report and his oral statements made during the hearing and the video used during the hearing."

---

[1]Correction officers Freddy Gonzalez and Larry Marshall.

Appearing pro se, the plaintiff brought a timely action in the nature of certiorari in Superior Court under G. L. c. 249, § 4, seeking judicial review of the disciplinary decision. He promptly filed a motion to compel the production of the videotape that was seen and considered by the hearing officer. This motion was not opposed by the defendants and was allowed on November 23, 1999. Nevertheless, the defendants moved to dismiss or, in the alternative, for summary judgment in reliance upon a certified copy of the administrative record that did not include the videotape. The plaintiff then filed another motion to compel the defendants to file the complete administrative record, including the videotape. On March 7, 2000, a second judge of the Superior Court ordered that unless the defendants responded to the motion within fourteen days, the motion to compel automatically would be allowed. The defendants did not respond, thus triggering allowance of the motion to compel on March 21, 2000. Although the videotape was never produced to the plaintiff or filed in court as part of the administrative record, a third judge, on April 3, 2000, allowed the defendants' dispositive motion, treating it as a motion for summary judgment.

The judgment must be reversed and the case remanded because the videotape evidence considered by the hearing officer was not provided to the reviewing judge. In an action in the nature of certiorari, the court's task is to review the administrative record for substantial errors of law that affect material rights. See *Gloucester* v. *Civil Serv. Commn.*, 408 Mass. 292, 297 (1990). It follows that for this type of review to take place, all of the evidence considered at the administrative hearing must be placed before the court. Once the entire administrative record is filed with the court, the appropriate procedural mechanism is a motion for judgment on the pleadings. See *Drayton* v. *Commissioner of Correction*, 52 Mass. App. Ct. 135, 136 n.4 (2001). Summary judgment principles are not applicable.

In a prison discipline case such as this one, the hearing officer is required to determine whether or not the proponent of the disciplinary report has proved the offense by a "preponderance of the evidence." 103 Code Mass. Regs. § 430.16(1) (1993). The standard of review to be applied by the court in performing certiorari review of this determination is whether there was "substantial evidence" in the administrative record to support the hearing officer's conclusion. See *Puleio* v. *Commissioner of Correction*, 52 Mass. App. Ct. 302, 305 (2001); *Jordan* v. *Superintendent, Mass. Correctional Inst., Cedar Junction*, 53 Mass. App. Ct. 584, 587 (2002).

"Substantial evidence is evidence that '"a reasonable mind might accept as adequate to support a conclusion," . . . taking into account whatever in the record fairly detracts from the weight of the evidence.' " *Jordan* v. *Superintendent, Mass. Correctional Inst., Cedar Junction, supra,* quoting from *Cepulonis* v. *Commissioner of Correction*, 15 Mass. App. 292, 296 (1983). Thus, the role of the reviewing court in the present case was to examine the entire record before the hearing officer, including the videotape evidence which he considered, in order to ascertain whether a reasonable person could draw the conclusion that the disciplinary infraction was proved by a preponderance of the evidence.

The judgment for the defendants is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

The case was submitted on briefs.

*Robert Beryl*, pro se.

*Nancy Ankers White*, Special Assistant Attorney General, & *Thomas E. Abruzzese* for the defendants.