Gants, J.
On April 21, 2000, the plaintiff, Robert Breest (“Breest”), an inmate at MCI-Shirley, was found guilty by defendant Sgt. Karen Collins (“Sgt. Collins”), the Disciplinary Hearing Officer, of having been involved in a short physical altercation with fellow inmate Charles Turner on April 6, 2000. As a result of the guilty finding, Breest was given a sanction of ten days in isolation, but that time was deemed served by the ten days he had spent in the Special Management Unit while on Awaiting Action status. Breest has brought this complaint in the nature of certiorari under G.L.c. 249, §4, appealing the guilfy finding. After hearing this day, this Court ALLOWS the defendants’ cross motion for summary judgment, and grants judgment to the defendants.
STANDARD OF REVIEW
A prisoner has the right to challenge the guilty findings of his disciplinary hearing through an action in the nature of certiorari under G.L.c. 249, §4. Hill v. Superintendent, Mass. Correctional Inst., Walpole, 392 Mass. 198, 199 n.2 (1984); Jordan v. Superintendent, Massachusetts Correctional Inst., Cedar Junction, 53 Mass.App.Ct. 584, 587 (2002). When an inmate challenges the sufficiency of the evidence to justify a hearing officer’s disciplinary decision, the court must determine whether the hearing officer’s findings are supported by substantial evidence. Murphy v. Superintendent, Mass. Correctional Inst., Cedar Junction, 396 Mass. 830, 833 (1986); Jordan, 53 Mass.App.Ct. at 587. “Substantial evidence is evidence that ‘a reasonable mind might accept as adequate to support a *393 conclusion, . . . taking into account whatever in the record fairly detracts from the weight of the evidence.’ ” Jordan, 53 Mass.App.Ct. at 587, quoting Cepulonis v. Commissioner of Correction, 15 Mass.App.Ct. 292, 296 (1983), which quotes from Trustees of Forbes Library v. Labor Relations Commn., 384 Mass. 559, 568-69 (1981). The court may not displace the hearing officer’s “exclusive function to weigh the credibility of the witnesses and to resolve factual disputes’’ in the testimony. Jordan, 53 Mass.App.Ct. at 588; Cepulonis, 15 Mass.App.Ct. at 295. Nor, where the testimony could lead to different inferences, may a court displace the hearing officer’s choice, in the context of the prison environment, between two fairly conflicting inferences. Jordan, 53 Mass.App.Ct. at 589; Cepulonis, 15 Mass.App.Ct. at 295. Yet, while “great deference” is owed to the hearing officer’s decision, the court need not defer to it “(w]here the evidence is so limited and problematic” that it cannot support such a decision. Jordan, 53 Mass.App.Ct. at 589-90.
BACKGROUND
At the hearing but outside the presence of Breest, Sgt. Collins heard the testimony of Reporting Officer Osvildo Vidal (“Officer Vidal”), who reported information he had received from two informants. Officer Vidal told Sgt. Collins that both informants had been used in the past, that their prior information had been accurate, that they had been given no promises, rewards, or inducements, and that they had no grudges or reason to retaliate against Breest. Officer Vidal said that the informants had personal knowledge that Breest learned what Turner was doing time for, and began spreading rumors around the prison block about Turner. On April 6, 2000, the informants saw Breest slap Turner in the mouth in the prison block. Later that day, while Breest was on the telephone, Turner hit him from behind in the head and walked away. Turner had a cut to his lower lip from the first incident, and Breest had a small bruise behind his right ear as a result of the second.
Sgt.1 Collins also learned from Officer Vidal that he had interviewed Breest on April 7, 2000 and Breest admitted to being in a verbal argument that led to a short physical altercation with Turner over rumors that were being spread in the prison block. Officer Vidal observed a small bruise behind Breest’s right ear that Breest said he suffered in the altercation.
Sgt. Collins concluded that the informant testimony was reliable, and was corroborated by the injuries that Breest and Turner had sustained. Her guilty finding essentially rests on her finding regarding the reliability of the informant information.
DISCUSSION
Breest presents two challenges to his guilty finding. First, Breest argues that the guilty finding cannot be permitted to stand because Sgt. Collins did not speak directly with the informants, but simply relied on the hearsay information provided by Officer Vidal as to what they had said. Breest contends that Sgt. Collins’ reliance on informant information without having spoken directly with the informants violates his right to due process and the Department of Correction (“DOC”) regulations setting forth the rights he is due as a prisoner at a disciplinary hearing.
Under 103 CMR 430.15, a hearing officer in disciplinary cases involving informant information “may consider documentary evidence and/or testimony which is not presented in the presence of the inmate or his representative” if the hearing officer finds the informant to be reliable and the information credible, and, without disclosing the identity of the informant, presents a summary of the informant information to the inmate at the hearing. 103 CMR 430.15(1). The regulation specifically provides:
The hearing officer may consider informant information and base the findings in 103 CMR430.15(1) on information which is limited to oral or written hearsay evidence. The hearing officer shall not be required to interview the informant in person.
103 CMR 430.15(4). Therefore, it is plain that the CMR permits Sgt. Collins to have considered the informant information without having spoken in person to the informants.
This reliance on hearsay informant information does not violate due process where, as here, the hearing officer set forth in detail the reasons why she found the informants to be reliable and their information credible. Nelson v. Commissioner of Correction, 390 Mass. 379, 390-96 (1983).
Second, Breest argues that the finding of his participation in an altercation was not supported by substantial evidence. In short, he contends that the first incident never happened, and the second incident was an assault against him, not an altercation justifying a disciplinary finding. This Court agrees that if the evidence were sufficient only to support the finding that Breest had been struck from behind by Turner while Breest was talking on the telephone, then the disciplinary finding could not stand. However, this Court finds that there was substantial evidence to support the finding that Breest had struck Turner earlier that same day. The Hearing Officer, having found the informants reliable and their information credible, was entitled to rely on their independent eyewitness reports that Breest had slapped Turner in the mouth before Turner retaliated by blind-siding Breest. While their information alone would be sufficient to support the finding, this Court also notes that their information was corroborated by visual observation of the cut below Turner’s lip. While this Court acknowledges that Breest vehemently denies the first incident and claims that Turner cut his lip shaving and the informants lied to gain revenge upon Breest, this Court in a certiorari action must give great deference to the factual findings of the Hearing Officer.
*394 ORDER
For the reasons stated above, the defendants’ cross motion for summary judgment is ALLOWED. Judgment shall enter in favor of the defendants.