WILLIAM J. ALLEN vs. DEPARTMENT OF CORRECTION
& others.[1]

No. 06-P-1200.

Middlesex. June 7, 2007. - August 6, 2007.

Present: PERRETTA, DREBEN, & GRAHAM, JJ.

*Imprisonment,* Enforcement of discipline. *Constitutional Law,* Imprisonment.
*Due Process of Law,* Prison disciplinary proceedings.

Substantial evidence supported the decision of a prison disciplinary board
   (board) finding an inmate guilty of several offenses [684], and neither the
   board's acceptance of an affidavit of the inmate's witness in the place of
   live testimony [684-685] nor the inmate's alleged late access to that af-
   fidavit [685] violated the inmate's due process rights.
Nothing in the record of an appeal from the decision of a prison disciplinary
   board (board) supported an inmate's assertion that he was kept in isolation
   for longer than the period set forth in the sanctions imposed by the board.
   [685]
In an appeal from a judgment of the Superior Court affirming the decision of
   a prison disciplinary board (board), this court exercised its power on
   certiorari to vacate the judgment to the extent that the judgment affirmed
   the board's guilty findings on certain duplicative charges, and this court
   modified the judgment to expunge the duplicative charges from the
   defendant's record. [685-687]

CIVIL ACTION commenced in the Superior Court Department on
November 26, 2004.

The case was heard by *Bonnie H. MacLeod-Mancuso,* J., on
motions for judgment on the pleadings.

*William J. Allen,* pro se.

*Chaleunphone Nokham,* for the defendants, submitted a brief.

DREBEN, J. The petitioner, William J. Allen, an inmate at
Souza-Baranowski Correctional Center, appeals from a judg-

[1]Lois Russo, superintendent of Souza-Baranowski Correctional Center, and
Joel Maillet, disciplinary officer at Souza-Baranowski Correctional Center.
Both are sued in their individual and official capacities.

ment on the pleadings dismissing his writ in the nature of certiorari (G. L. c. 249, § 4) and civil rights claims against the Department of Correction and officials at Souza-Baranowski Correctional Center (collectively, the department) in connection with their disciplinary proceedings against him. We affirm in part and reverse in part.

The Superior Court judge set forth the following facts from the administrative record. On August 2, 2004, Officer McLoughlin observed the petitioner becoming confrontational with Lieutenant Miller, who was engaged in a discussion with another inmate, Ragland. While other inmates were present, the petitioner approached Lieutenant Miller in a threatening manner. Officer McLoughlin stepped in front of the petitioner and the other inmates to block their movement toward Lieutenant Miller and Ragland, and ordered the petitioner and the others to proceed toward their destination. The petitioner initially failed to comply, and only did so when Ragland proceeded back to his unit.

Following the incident McLoughlin issued a disciplinary report charging the petitioner with five offenses. At the hearing, the evidence presented included the disciplinary report filed by McLoughlin, an incident report filed by Lieutenant Miller, the testimony of McLoughlin, the testimony of the petitioner, a silent videotape of the incident, and the affidavit of a fellow inmate, Rampert.

After the hearing, the petitioner was found guilty on all charges and received sanctions totaling fifteen days of isolation and thirty days' loss of yard time.[2] The petitioner's timely appeal to the superintendent was denied. He then brought an action in the

---

[2]The charges against the petitioner were enumerated in the code of offenses in the 1993 regulations, which are applicable to this case. See 103 Code Mass. Regs. § 430.24 (1993) (amended in 2006). For the first count, disobeying an order, lying, or insolence, § 430.24(1), the petitioner's sanction was five days of isolation. For the second count, violating any department rule or regulation, § 430.24(2), his sanction was thirty days' loss of yard time. The third count, conduct which disrupts, § 430.24(8), was combined with the first count and he received no extra sanction. For the fourth count, fighting with, assaulting, or threatening another person with any offense against his person or property, § 430.24(18), his sanction was ten days of isolation. The fifth count, attempting to commit any offense, § 430.24(33), was combined with the fourth count, and he received no extra sanction.

nature of certiorari pursuant to G. L. c. 249, § 4. The judge considered cross motions for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c), 365 Mass. 754 (1974), and granted the defendants' motion while denying the petitioner's.

1. *Sufficiency of the evidence.* The evidence before the hearing officer satisfied the applicable test, namely the substantial evidence test — whether evidence exists in the administrative record that a "reasonable mind might accept as adequate to support a conclusion." *Cepulonis* v. *Commissioner of Correction,* 15 Mass. App. Ct. 292, 295-296 (1983), quoting from *Trustees of Forbes Library* v. *Labor Relations Commn.,* 384 Mass. 559, 568-569 (1981). Credibility determinations are the exclusive province of the hearing officer, and a reviewing court may not substitute its own view of the case. *Id.* at 295. *Jordan* v. *Superintendent, Mass. Correctional Inst., Cedar Junction,* 53 Mass. App. Ct. 584, 589 (2002).

2. *Request for witness.* Contrary to the petitioner's argument, his due process rights were not violated either by the acceptance of an affidavit of his witness (a fellow inmate) instead of live testimony or because he was not provided the affidavit until after the hearing, a claim unsupported by the record.

It is well settled that "[p]rison inmates have the protections of procedural due process only if there is an existing liberty or property interest at stake." *Torres* v. *Commissioner of Correction,* 427 Mass. 611, 617, cert. denied, 525 U.S. 1017 (1998), and cases cited.[3] Liberty interests are generally limited to "freedom from restraint which . . . imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 617-618, quoting from *Sandin* v. *Conner,* 515 U.S. 472, 484 (1995). The petitioner has not provided any evidence that the sanctions here imposed, which are authorized

___

[3]As set forth in *Torres,* when a liberty or property interest is at stake, "disciplinary procedures must include: '(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and to present evidence in [the inmate's] defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.' " *Torres, supra* at 618, quoting from *O'Malley* v. *Sheriff of Worcester County,* 415 Mass. 132, 138 (1993).

by the regulations, see 103 Code Mass. Regs. § 430.25 (1993), are an "atypical and significant hardship."

Moreover, during oral argument (telephone conference), the petitioner expressly stated that he found no fault with the contents of his witness's affidavit. He also fails to explain why live testimony would have helped his case. Although we find no violation of due process here, live testimony may often be more persuasive than evidence in affidavit form. We therefore consider it incumbent on the department in the future to follow its regulation and explain in writing the reason for the acceptance of an affidavit instead of live testimony when a prisoner requests the presence of a witness. See 103 Code Mass. Regs. § 430.17(1)(c) (1993).

The petitioner's claim that he only had late access to the affidavit is, as we have stated, not supported by the appellate record. Also, since he makes no claim as to the content of the affidavit, he was not prejudiced by his alleged inability to see it earlier.

3. *Isolation time.* The petitioner complains that he spent a total of forty-nine days in isolation[4] while his sanction only included fifteen days of isolation. Again, nothing in the appellate record suggests that he was kept in isolation longer than the period set forth in the sanctions. To the extent that he complains that he was not credited with the days he was in administrative segregation (awaiting action), the claim is without merit. Administrative segregation is distinct from isolation. *O'Malley* v. *Sheriff of Worcester County*, 415 Mass. 132, 138-139 (1993). See *Hudson* v. *Commissioner of Correction*, 431 Mass. 1, 4-5 (2000). Temporary placement in administrative segregation is sanctioned by 103 Code Mass. Regs. § 430.21(1) (1993). As far as we can glean from the record, the petitioner's placement was neither indefinite nor unreasonable. Compare *Haverty* v. *Commissioner of Correction*, 437 Mass. 737, 756 (2002).

4. *Duplicative charges.* The petitioner argues that the charges enumerated in 103 Code Mass. Regs. § 430.24(2), (8), and (33) (1993), see note 2, *supra*, are duplicative and must be dismissed. Title 103 Code Mass. Regs. § 430.24 includes in its code of of-

_____
[4]He calls his place of confinement a special management unit. The appellate record does not indicate what this unit is.

fenses "(2) Violating any departmental rule or regulation, or any other rule, regulation, or condition of an institution or community based program." This charge merely duplicates the other more specific charges asserted against the petitioner under the code of offenses. No additional conduct need be proven in order to find the petitioner guilty of violating it. See *Kuklis* v. *Commonwealth*, 361 Mass. 302, 306-307 (1972). The commission of any other offense automatically implicates § 430.24(2). The finding of guilt on this duplicative charge had an adverse impact on the sanction imposed — the charge resulted in an additional sanction of thirty days' loss of yard time. As the sanctions were increased based on a duplicative charge, it is proper for this court to exercise its power on certiorari to remedy the error. Compare *Massachusetts Prisoners Assn. Political Action Comm.* v. *Acting Governor*, 435 Mass. 811, 823 (2002) (finding a disciplinary charge under § 430.24[8] duplicative of other charges, but declining to exercise the court's power on certiorari to remedy the error as the duplicative charge did not affect the sanction imposed). We therefore vacate the judgment of the Superior Court to the extent that it affirms the guilty finding on 103 Code Mass. Regs. § 430.24(2) and modify the judgment to expunge this charge from the petitioner's record. See 103 Code Mass. Regs. § 430.20 (1993).

The charge under 103 Code Mass. Regs. § 430.24(33) (attempting to commit any offense) is also duplicative, because the petitioner was not charged with an attempt to commit any offense other than those upon which he was found guilty. See *Commonwealth* v. *Capone*, 39 Mass. App. Ct. 606, 609 (1996), quoting from *Commonwealth* v. *Gosselin*, 365 Mass. 116, 121 (1974) ("[A] charge of a completed crime logically includes a charge of an attempt to commit it"). As the overkill of duplicative charges may have affected the total sanctions in this case, although no specific additional sanction was imposed for this offense, see note 2, *supra*, the duplicative charge of attempt also should be and is ordered to be expunged from the record.

The petitioner argues that the guilty finding on § 430.24(8) (conduct which disrupts) is also duplicative. However, there is evidence in the record that the petitioner's behavior in the incident in question was disruptive. In addition to approaching Lieutenant

Miller in a threatening manner and disobeying Officer McLoughlin's order to leave, the petitioner, according to his own testimony, told inmate Ragland, while Lieutenant Miller and Ragland were arguing, to ignore Lieutenant Miller's order and return to his unit. Although the petitioner perceives this as helping, it is evidence of disruptive behavior. In his report, the hearing officer indicates that a purpose of the imposition of sanctions was to advise the petitioner not to interfere in incidents not involving him. The charge was not duplicative. Compare *Massachusetts Prisoners Assn. Political Action Comm.*, 435 Mass. at 823, in which the court found a disciplinary charge under 103 Code Mass. Regs. § 430.24(8) duplicative of other charges, when a petitioner was charged with disruption "merely because his violation of another regulation caused the department to expend effort investigating that violation." The court noted that any infraction would on that theory implicate § 430.24(8) as "any charged violation entails some effort in pursuing the investigation." *Ibid.*

5. *Conclusion.* We vacate so much of the judgment as dismisses the petitioner's claims regarding the guilty findings on the offenses enumerated in 103 Code Mass. Regs. § 430.24(2) and (33), and as awards costs to the defendants. The judgment shall be modified to order the expungement of the guilty findings on these enumerated offenses from the petitioner's prison record.[5] As so modified, the judgment is affirmed.

*So ordered.*

---

[5]We do not remand for consideration of sanctions, as the petitioner has already served his sanctions.